Filed 3/4/15  Marriage of Schmidtke CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| In re the Marriage of TIFFANY NICOLE and STUART J. SCHMIDTKE. | C073244 |
| TIFFANY NICOLE KEELING, | (Super. Ct. No. T083200FL) |
| Appellant, | |
| v. | |
| STUART J. SCHMIDTKE, | |
| Respondent. | |

Tiffany Keeling (mother) appeals from an order granting Stuart Schmidtke (father) primary physical custody of their son.  Mother claims (1) the trial court committed evidentiary errors, and (2) an evaluator's ex parte communication with the trial court subjected mother to substantial danger of undue prejudice and violated her due process rights.

We conclude mother's contentions lack merit. We will affirm the trial court's order.

BACKGROUND

Mother and father were divorced when their son was a toddler. Mother then moved to the San Francisco Bay Area and father remained in Truckee. The parents shared legal and physical custody of their son as recommended in a 40-page report from a psychologist appointed by the trial court to evaluate the best interests of the child. But when the son was approaching kindergarten age, mother requested primary physical custody. The trial court ordered a new evaluation by the same psychologist, including new assessments of the parents, their support systems and the relative merits of the schools in which the son might be enrolled.

The psychologist's new 30-page report recommended that shared legal custody continue but that the son live primarily with father and attend school in Truckee. The psychologist's report mentioned a cell phone recording presented by father; the psychologist believed mother was emotionally abusive toward her son during the recorded call, but the psychologist concluded the abuse was not common. Before a scheduled custody hearing, mother moved in limine to preclude admission into evidence of the cell phone recording or any testimony about it. The trial court denied her motion.

On January 25, 2013, following a custody hearing, the trial court ordered the continuation of joint custody but designated father's home as the child's primary residence. After the trial court ruled, mother said she wanted to terminate her parental rights and would have no further parenting involvement with the child. The trial court conducted voir dire of mother, noted that mother's attorney did not join in mother's request, and suspended all orders relating to mother's parenting time with her son. The trial court said the suspension could be modified by regularly scheduled law and motion proceedings. The trial court did not find mother unfit.

2

DISCUSSION

I

Mother contends the trial court committed evidentiary errors.

The record on appeal includes a reporter's transcript, but the transcript does not transcribe the custody hearing leading to the January 25, 2013 order. Mother's appellant's opening brief describes various evidence, but not all of the evidence is in the appellate record.

Mother focuses on what she calls the "illegal" recording from father's cell phone, in which she reportedly responded in dramatic fashion to the discovery that the child had wetted and soiled himself while in a car seat. She argues about both the weight and admissibility of that and other evidence, including the alleged bias of testifying experts.

As to the allegedly illegal recording, mother admits that, with the phone sitting on the front seat of the car, she expressed her frustration as she cleaned up after the child. In her opening brief, she admits the recording included vulgar language and elevated voice tones and threats not to celebrate the child's upcoming birthday, but she explains "this was an isolated incident that occurred which shows a very human response to a mother being frustrated that her potty training efforts are constantly challenged from routine visits with the father who seems unwilling to share the potty training responsibilities on bi-weekly visitations." The evaluator's written report stated that father submitted this recording as proof of mother's emotional and verbal abuse of the child and the evaluator contacted mother who "voiced a clear understanding that she knew she was being recorded while she was interacting with [the child]." Father's declaration said the recording was a voice message mother left on his phone. The trial court concluded the recording was not illegal.

A trial court's ruling on the admissibility of evidence is reviewed for abuse of discretion. (*People v. Williams* (1997) 16 Cal.4th 153, 197.) Mother disagrees with the trial court's evidentiary ruling on this and other evidence, but she does not establish any

3

abuse of discretion. Without a reporter's transcript, any claimed error must appear on the face of the record. (Cal. Rules of Court, rule 8.163.) "An appellate court is controlled by the record as it finds it [citation], and no extrinsic evidence will be received to contradict it. [Citations.]" (*Hom v. Clark* (1963) 221 Cal.App.2d 622, 647.) Mother's argument about facts that are not part of the record, including those about alleged racial stereotyping and general injustice, are not cognizable on appeal. (See *ibid*.)

## II

Mother also contends the custody evaluator's ex parte communication with the trial court subjected mother to substantial danger of undue prejudice and violated her due process rights. She asserts that on July 19, 2012, Dr. Dugan wrote a letter to the trial court and both counsel, informing them that mother had filed a complaint against Dr. Dugan with his licensing board. Mother's request for judicial notice of the letter is granted. The July 19, 2012 letter stated, "On the advice of my legal counsel, this letter is to advise counsel on the Schmidtke matter and the Court that Ms. Keeling-Schmidtke filed a licensing board complaint about my work on her matter. This does not preclude my appearance [at the hearing] and I will testify as required to the best of my ability." The letter said nothing about the nature of the complaint but requested instructions from the trial court if any information about the complaint or Dr. Dugan's response was required. There is no indication in the record of a response from the trial court.

Mother contends the letter was an ex parte communication in violation of Family Code section 216. But an ex parte communication violating Family Code section 216 is "a direct or indirect communication on the substance of a pending case without the knowledge, presence, or consent of all parties involved in the matter." (Cal. Rules of Court, rule 5.235(b)(2).) The letter was directed to the trial court and counsel for both parties and it said nothing about custody of the child, so it was not an ex parte communication in violation of Family Code section 216.

4

Mother does not establish any actual prejudice caused by the letter, and she does not explain how her due process rights were violated by the letter. In an adjudicated contested custody hearing, a trial court has "the widest discretion" to choose a parenting plan based on the best interests of the child, considering all the circumstances bearing on the child's interests. (*In re Marriage of LaMusga* (2004) 32 Cal.4th 1072, 1087.) Mother asked for primary physical custody and the trial court gave her request serious attention, focusing not on the disputes between the parents but on the son's activities and schools. The trial court recognized that, before the son started school, the parents had an approximate 50/50 split of parenting time and that, after school started, regardless of where the son lived, the split would probably come close to 60/40. Although mother's request for primary physical custody was denied, the order issued after the contested hearing included a detailed six-page plan for shared legal custody that provided extensive parenting time for her. The trial court did not find mother unfit and it did not deny her due process, it just determined the son would be better served by having his primary residence with his father. There is no indication that the trial court abused its discretion or that its decision was not supported by substantial evidence.

DISPOSITION

The January 25, 2013 order is affirmed.

_____MAURO_____, J.

We concur:

_____BLEASE_____, Acting P. J.

_____HULL_____, J.

5